UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 19-123-DCR |
| ) | |
| V. ) | |
| ) | |
| DAMON BRISTOL HARDY, ) | **MEMORANDUM OPNION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Damon Hardy pleaded guilty on September 9, 2019, to one count of possession with intent to distribute a mixture or substance containing detectable amounts of fentanyl, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1). [Record No. 38] A sentencing hearing is scheduled for December 20, 2019.

Hardy's Presentence Investigation Report ("PSR") indicates that he qualifies as a "career offender" under section 4B1.1 of the United States Sentencing Guidelines ("USSG") because he was at least eighteen years old when he committed the instant offense, the instant offense of conviction is a crime involving a controlled substance, and he has two prior felony convictions involving either a crime of violence or a controlled substance. More specifically, Hardy's prior qualifying convictions include: assault in the third degree and trafficking in a controlled substance in the first degree. PSR ¶¶ 17, 29, 31, and 40.

Hardy objected to his career offender designation, arguing that the law is unsettled concerning whether Kentucky assault in the third degree qualifies as a "crime of violence"

under § 4B1.1.  He cites *Walker v. United States*, 769 F. App'x 195 (6th Cir. 2019) (per curiam), *cert. granted*, 2019 WL 6042320, at *1 (U.S. Nov. 15, 2019) (No. 92-212), in support of his objection.

USSG § 4B1.1 prescribes sentencing enhancements for a "career offender" under the following circumstances:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  A "'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that," *inter alia*, "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

"When determining which crimes fall within § 4B1.2(a)'s definition of crime of violence, or the "violent felony" provision of Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), federal courts use the 'categorical approach.'" *United States v. Covington*, 738 F.3d 759, 762 (6th Cir. 2014).  "This involves looking not at the facts underlying the conviction but rather at the *elements* of a defendant's prior conviction." *Walker*, 769 F. App'x at 197 (emphasis in original) (internal quotation marks and citations omitted).  Hardy's prior conviction at issue here, assault in the third degree in violation of Kentucky Revised Statutes ("KRS") § 508.025(1)(a), entails the following elements: "[r]ecklessly, with a deadly weapon or dangerous instrument, or intentionally caus[ing] or attempt[ing] to cause physical injury to . . . [a] state, county, city, or federal peace officer . . . ." KRS § 508.025(1)(a); *see* United States' Letter Regarding the PSR's Career Offender Designation, p. 3 (demonstrating that the

Indictment and Judgment and Sentence on Plea of Guilty attached to the letter pursuant to *Shepard v. United States*, 544 U.S. 13 (2005), prove that Hardy was convicted under KRS § 508.025(1)(a)).

The question of whether a conviction under KRS § 508.025(1)(a) constitutes a crime of violence previously arose in the context of a 28 U.S.C. § 2255 motion in *Campbell v. United States*, No. 5: 14-83-DCR, 2017 WL 1196650, at *1 (E.D. Ky. Mar. 30, 2017). At the time *Campbell* was decided, precedent from the United States Court of Appeals for the Sixth Circuit indicated that a conviction under KRS § 508.025(1)(a) does not constitute a crime of violence because a "recklessness" *mens rea* is sufficient for such a conviction. *Id.* at *3, *6 n.7 (citing *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012); *United States v. McMurray*, 653 F.3d 367 (6th Cir. 2011)).

But as the United States points out, the Sixth Circuit has more recently found that an offense which may be committed with a recklessness *mens rea* should be considered a crime of violence under § 4B1.2(a). *See* United States' Letter Regarding the PSR's Career Offender Designation, pp. 3-4. In *United States v. Verwiebe*, 874 F.3d 258 (6th Cir. 2017), the court held that the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272 (2016), "confirms that recklessness suffices under the elements clause of the Armed Career Criminal Act or [§ 4B1.2(a)]"[1] while addressing an assault statute that punishes a crime of violence. *Id.* at 263-64.

---

[1] While *Verwiebe* specifically concerned § 4B1.2(a), the ACCA's "elements clause" or "use-of-force clause," 18 U.S.C. § 924(e)(2)(B), has "been consistently construed to have the same meaning" as § 4B1.2(a). *Davis v. United states*, 900 F.3d 733, 736 (6th Cir. 2018) (citing *United States v. Patterson*, 853 F.3d 298, 305 (6th Cir. 2017)).

Hardy is correct to note that the Supreme Court will soon address whether the identical "elements clause" of the ACCA's "violent felonies" definition includes offenses for which a defendant can be convicted with a recklessness mental state. *Walker v. United States*, 769 F. App'x 195 (6th Cir. 2019) (per curiam), *cert. granted*, 2019 WL 6042320, at *1 (U.S. Nov. 15, 2019) (No. 92-212). But even though the Sixth Circuit has occasionally expressed doubts as to recklessness' sufficiency, it has consistently found that *Verwiebe* is binding precedent. *E.g.*, *Walker*, 769 F. App'x at 200-01 (Stranch, J. concurring) ("I concur in this result for one reason only—it is required by our precedent."); *United States v. Harper*, 875 F.3d 329, 330 (6th Cir. 2017) (holding that a conviction under a reckless aggravated assault statute is a crime of violence for the purposes of §4B1.2(a) because *Verwiebe* compels this conclusion, but writing "further to explain why, in our view, the decision in *Verwiebe* was mistaken."). Indeed, *Walker* has arrived at the Supreme Court *because* the Sixth Circuit continues to apply *Verwiebe*.[2] *Walker*, 769 F. App'x at 199-200. Unless and until the Supreme Court rules differently, the applicable Guidelines sections are amended, or the Sixth Circuit overturns its precedent in an *en banc* proceeding, *Verwiebe* remains settled law in this circuit. *Verwiebe*, 874 F.3d at 262 ("[O]nly the *en banc* process, a material intervening Supreme Court decision, or a relevant change to the Guidelines permits us to override binding circuit precedent.").

---

[2] The Supreme Court will address the broader circuit split on this matter. Petition for Writ of Certiorari at 14-20, *Walker*, 769 F. App'x (No. 19-373). *Compare Walker*, 769 F. App'x at 195, *United States v. Bums*, 920 F.3d 942 (5th Cir. 2019), *United States v. Haight*, 892 F.3d 1271 (D.C. Cir. 2018), *United States v. Pam*, 867 F.3d 1191 (10th Cir. 2017), *and United States v. Fogg*, 836 F.3d 951 (8th Cir. 2016), *with United States v. Orona*, 923 F.3d 1197 (9th Cir. 2019), *United States v. Hodge*, 902 F.3d 420 (4th Cir. 2018), *and United States v. Rose*, 896 F.3d 104 (1st Cir. 2018).

In summary, a recklessness *mens rea* is sufficient for an offense to be considered a crime of violence for the purposes of § 4B1.2(a)(1). KRS § 508.025(1)(a) assault in the third degree is a crime of violence under a categorical approach analysis because it requires, at least, a recklessness mental state. The defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense" because he also has a felony conviction for trafficking in a controlled substance in the first degree. U.S.S.G. § 4B1.1(a). The defendant's record thus qualifies him for a career offender enhancement under § 4B1.1.

Accordingly, it is hereby

**ORDERED** that Defendant Damon Hardy's objection to the PSR is **OVERRULED**.

Dated: December 18, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky